UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-V-                                                          CASE NO. 01-CR-102 (DNH)

KENNETH EUGENE SPEIGHT,

                    Defendant.

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
MAY 1 4 2002
AT_____O'CLOCK____M
LAWRENCE K. BAERMAN, Clerk
UTICA

---

## SENTENCING MEMORANDUM

DATED: May 14, 2002              Respectfully submitted,

                                 ALEXANDER BUNIN
                                 Federal Public Defender


                                 Lisa A. Peebles, Esq.
                                 Asst. Federal Public Defender
                                 Bar Roll No: 507041
                                 Clinton Exchange, 3rd Floor
                                 4 Clinton Street
                                 Syracuse, New York  13202
                                 (315) 701-0080

**Introduction**

This case exemplifies the situation contemplated in the United States Sentencing Guidelines Commentary, which recommends an adjustment when the loss calculation either understates or, in this case, overstates the seriousness of the defendant's conduct. See, U.S.S.G. §2F1.1 (2000 Guidelines Manual). The circumstances in this case warrant such an adjustment in order to avoid a plainly unintended and indeed absurd result.

**Preliminary Statement**

As this Court is aware, a jury found Defendant Speight guilty on all five counts contained in Indictment 01-CR-102, including conspiracy to commit mail fraud, in violation of 18 U.S.C. 371 (Count I); conspiracy to injure federal officers, in violation of 18 U.S.C. Section 372 (Count II); and specific acts of mail fraud, in violation of 18 U.S.C. Section 1341 (Counts III-V). Defendant is currently awaiting sentencing, which is scheduled for May 29, 2002.

A Pre-Sentence Investigation Report (hereinafter referred to as the "report") was prepared in anticipation of defendant's upcoming sentencing. According to the report, defendant's total offense level is 31, with a criminal history VI, resulting in a guideline imprisonment range of 188 to 235 months. The statutory maximums for Counts I, III, IV and V, however, is 5 years with a maximum of 6 years for Count II.

Defendant has made several objections to the factual contents and guidelines computation in the report which are set forth in the addendum attached to the report. Defendant submits this memorandum in support of his objections to the enhancements contained in the report as well as his request for a downward departure from the guideline range of imprisonment based upon the gross overstatement of the seriousness of his conduct, resulting from the manner in which the victims' loss has been computed.

## Objections to Pre-Sentence Report

Defendant objects to the two level enhancement contained in the report for obstruction of justice. The report states that the filing of a criminal complaint by the defendant against the prosecutor and agent involved in this matter, in attempt to have them arrested, warrants an obstruction enhancement under U.S.S.G. 3C1.1. Defendant steadfastly maintains that the information contained in his affidavit is accurate. The instant offense revolves around his belief that he was unconstitutionally convicted under 18 U.S.C. Section 922(g). Therefore, it cannot be said that he willfully attempted to obstruct justice when he views this as a continuing violation of his constitutional rights. The examples in the commentary note 4 states that "providing materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense" may give rise to the two level enhancement. In this case, not only did defendant believe the information was accurate, law enforcement never viewed the complaint seriously or acted on it. Therefore, a two level enhancement is clearly not warranted or justified under these facts.

## Factual Background

The government's case consisted of multiple documents filed by the Defendant, wherein he identified himself by name and mailed them to individuals that knew him, or had contact with him, relative to his federal conviction under 18 U.S.C. § 922(g). The defendant acknowledged filing actual and constructive notices and liens against the individuals named in the indictment. However, in filing these documents, the defendant believed he was pursuing a legal avenue by which he could obtain his freedom and the monetary amounts listed in the subject documents

were merely symbolic. Indeed the sums sought were so outrageously large that it is an illusion to maintain that anyone would ever seriously have considered honoring any of the instruments.[1] It is also equally important to recognize that there was no monetary loss to anyone as a result of the defendant's filings, and in fact according to the agent, none of the victims lost the ability to freely control their funds.

Nevertheless, the government claims, that because the Connecticut Secretary of State accepted and filed the liens, the defendant caused financial harm to those individuals against whom the liens were filed. Because the government cannot point to any factual harm in support of its claim and the Defendant's intent was exclusively directed at overcoming his perceived baseless and oppressive incarceration, it would be a grave injustice to fashion a guideline range based on fantasy monetary values.

### A DOWNWARD DEPARTURE IS WARRANTED SINCE THE AMOUNT OF THE LOSS ATTRIBUTED TO THE DEFENDANT FOR SENTENCING PURPOSES IS GROSSLY OVERSTATED UNDER THE FACTS OF THIS CASE.

A sentencing court may impose a sentence outside the applicable United States Sentencing Guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0 (policy statement). In reaffirming the judicial independence to grant departures, the Supreme Court explained that there is room under the Guidelines for federal judges to exercise traditional sentencing discretion "to consider every

---

[1] As the court may recall, the instruments at issue were in varying amounts ranging up to $100 billion against John Nash, Superintendent at FCI Ray Brook.

convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).

U.S.S.G §2F1.1, comment., n. 11, specifically states that the loss amount determined under (b)(1) may overstate the seriousness of the offense. "This may occur, for example, where a defendant attempted to negotiate an instrument that was so obviously fraudulent that no one would seriously consider honoring it." In such a case, the commentary suggests, "a downward departure may be warranted." Indeed, ultimately, the "significance of the defendant's acts should be measured by his intentions." United States v. Jacobs, 117 F.3d 82, 95 (2nd Cir. 1997); United States v. Wells, 127 F.3d 739, 745 (8th Cir. 1997)(Intended loss "mean[s] just that–the loss the defendant intended to cause the victim").

In this case, the offense level was increased 18 levels pursuant to §2F1.1(b)(1)(S) because the liens filed against the victims totaled in excess of $80,000,000. (Report, p. 7). According to the Government, the instruments created by the defendant totaled $125,123,415,000.

Obviously, the Defendant's case is precisely the type of situation envisioned by the commentators when observing that the loss calculation can sometimes be an unfair or inadequate indicator of the defendant's conduct and, consequently, should not be weighted so as to skew the recommended sentence range so that the punishment no longer fits the crime.

In order to appreciate the manifest unfairness of the suggested loss calculation in this case, one should consider the consequences of the defendant filing instruments in the amount of $100,000 each against the same twelve victims. While the results to the victims would be no

different, since they would still be facially suspect and wholly unenforceable, the enhancement for loss value would have been 11 levels, rather than 18, with an impact of 100 months to the incarceration component of the required sentence under the Guidelines.

In short, the loss calculation in this case grossly overstates the seriousness of the defendant's conduct, and should be offset by a downward departure in order to avoid a manifestly unfair sentence.

### THE GOVERNMENT SHOULD NOT BE PERMITTED TO PILE ON COUNTS TO AVOID STATUTORY MAXIMUMS BY CHARGING MULTIPLE COUNTS IN ORDER TO FIT A HIGH GUIDELINE RANGE.

U.S.S.G. Section 5G1.2 governs sentencing on multiple counts of conviction and the application of the statutory maximums. Specifically, 5G1.2(d) states:

> "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, than the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law."

In this case, the statutory maximums for Counts I, III, IV and V is five years with a maximum of 6 years for Count II., however, defendant's guideline imprisonment range according to the report is 188 to 235 months. This outrageous disparity is a result of the loss calculation fully set forth above in defendant's downward departure motion.

Although in a typical case the statutory maximum would be run consecutively to achieve appropriate punishment, such a result is unwarranted in the defendant's case. Because, as previously stressed, the monetary amounts are invalid and irrational indicators of the nature and seriousness of the defendant's offense, a justification for aggregating statutory maximums does

5

not exist. Indeed, counsel respectfully submits that because the defendant's offense was really the product of a single course of conduct (the filing of documents) designed to achieve a discrete objective (his freedom), the adherence to a single statutory maximum of five years constitutes appropriate punishment. Although consecutive sentences and an excessive guideline calculation which are the exclusive products of the inflated illusory numbers reflected in the defendant's liens has superficial application, such a sentence exaggerates and unduly punishes the defendant's actual conduct. Hence, counsel respectfully urges the court to grant a downward departure and in any event run the sentences on the separate counts concurrently.

## CONCLUSION

Based upon the foregoing defendant respectfully requests that this Court grant his motion for a downward departure in order to avoid an unjust and manifestly unfair sentence.

DATED: May 14, 2002

Respectfully submitted,

ALEXANDER BUNIN
Federal Public Defender

Lisa A. Peebles, Esq.
Asst. Federal Public Defender
Bar Roll No: 507041
4 Clinton Exchange, 3rd Floor
Syracuse, New York  13202
(315) 701-0080